DARIN W. SNYDER (S.B. #136003)
dsnyder@omm.com
LUANN L. SIMMONS (S.B. #203526)
lsimmons@omm.com
DAVID S. ALMELING (S.B. #235449)
dalmeling@omm.com
MARK LIANG (S.B. #278487)
mliang@omm.com
JOHN X. ZHU (S.B. #310857) (pending *pro hac vice*)
jzhu@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

MISHIMA ALAM (S.B. #271621)
malam@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Plaintiff
GOOGLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOGATION CORP, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,292,743** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Google Inc. ("Google") seeks a declaratory judgment that Google does not directly or indirectly infringe United States Patent No. 6,292,743.

**INTRODUCTION**

1. Defendant InfoGation Corp. ("InfoGation") has filed three lawsuits against Google's partners, HTC, ZTE, and Huawei, in the Southern District of California, alleging that their smartphones running the Android operating system and Google Maps infringe InfoGation's patent relating to navigation and route information. In addition to having no basis for its allegations, InfoGation sued the wrong defendants in the wrong forum. InfoGation's allegations are premised entirely on purported functionality of the Google Maps application on the Android platform — an application that is not developed by HTC, ZTE, and Huawei, but by Google, which is based in the Northern District of California. InfoGation's allegations therefore create a justiciable controversy between Google and InfoGation. To resolve this controversy, Google seeks a judicial declaration from this District that Google Maps and any devices from Google's partners using Google Maps on the Android platform do not infringe InfoGation's patent.

**NATURE OF THE ACTION**

2. This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code. Google requests this relief because InfoGation has filed three lawsuits claiming that Google's partners infringe U.S. Patent No. 6,292,743 ("'743 Patent") by "making, using, selling, offering for sale, and/or importing into the United States smartphones" that "run[] the Android operating system and . . . Google Maps," which are products and services developed by Google. InfoGation's lawsuits are premised on functionality allegedly performed by Google Maps in conjunction with Google-controlled servers, including providing "optimal route information from the Google Maps navigation server that has been calculated using real-time information such as real-time traffic data." InfoGation's lawsuits therefore threaten Google's business and relationships with its partners, and they create a justiciable controversy between Google and InfoGation.

## THE PARTIES

3. Google is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043. Google's mission is to organize the world's information and make it universally accessible and useful. As part of that mission, Google develops and provides Android, an open source software stack for a wide range of mobile devices that has been adopted by original equipment manufacturers ("OEMs" or "partners") worldwide. Google also produces a number of services and applications for use on mobile platforms, including Google Maps.

4. On information and belief, InfoGation is a corporation under the laws of the state of Delaware, with its principal place of business at 12250 El Camino Real, Suite 116, San Diego, California, 92130.

## JURISDICTIONAL STATEMENT

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and under the patent laws of the United States, 35 U.S.C. §§ 1-390.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

7. This Court has personal jurisdiction over InfoGation. Among other things, InfoGation has continuous and systematic business contacts with California. InfoGation's principal place of business is and has been in San Diego, California since its founding in 1996. On information and belief, Mr. Kent Qing Pu, InfoGation's Chief Executive Officer (CEO) since its founding and the first named inventor of the '743 Patent, resides in San Diego, California.

8. This Court also has personal jurisdiction over InfoGation because InfoGation has purposely directed into California its patent procurement and enforcement activities, including for the '743 Patent. InfoGation's attorneys who prosecuted the '743 Patent were based in the Los Angeles, California office of the (now dissolved) law firm of Lyon & Lyon LLP. InfoGation has since filed additional patent applications claiming priority to the '743 Patent's application. These applications were or are being prosecuted by attorneys at the law firm of Logicpatents LLC, which is based in Cupertino, California in this District. InfoGation is also currently litigating

1  claims for infringement of the '743 Patent against Google's partners in the United States District
2  Court for the Southern of California. These claims are premised on the alleged functionality of
3  Google Maps.

4  9.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a
5  substantial part of the events giving rise to Google's claim occurred in this District and because
6  InfoGation is subject to personal jurisdiction here.

7  10.  An immediate, real, and justiciable controversy exists between Google and
8  InfoGation as to whether Google is infringing or has infringed the '743 Patent.

## INTRADISTRICT ASSIGNMENT

10  11.  For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b),
11  this Intellectual Property Action will be assigned on a district-wide basis.

## FACTUAL BACKGROUND

13  12.  Google has been headquartered in this District since its founding. In 2004, Google
14  moved to its current headquarters at 1600 Amphitheatre Parkway, Mountain View, CA 94043.
15  The majority of the Google engineers who work on Google Maps are located in Google's
16  headquarters in Mountain View, California or in Google's San Francisco office. The majority of
17  the documentary evidence related to Google Maps is likewise maintained in Google's Mountain
18  View headquarters or in Google's San Francisco office.

19  13.  On July 27, 2016, InfoGation brought separate patent infringement actions against
20  ZTE, HTC, and Huawei (collectively, the "Android OEMs") in the United States District Court
21  for the Southern District of California. *See InfoGation Corp. v. ZTE Corp.*, 3:16-cv-01901;
22  *InfoGation Corp. v. HTC Corp.*, 3:16-cv-01902; and *InfoGation Corp. v. Huawei Technologies*
23  *Co.*, 3:16-cv-01903 (collectively, the "Android OEM Actions").

24  14.  In each of the Android OEM Actions, InfoGation's complaint alleges that the '743
25  Patent, titled "Mobile Navigation System," "is directed to a mobile navigation system wherein the
26  client navigation computer wirelessly connects to a navigation server, receives optimal route
27  information from that navigation server that is formatted using a non-proprietary, natural
28  language description, reconstructs the optimal route from that non-proprietary, natural language

1  description using a mapping database coupled to the navigation computer, and displays the
2  optimal route on a display screen using that mapping database." Ex. B at 3; Ex. C at 3; Ex. D at
3  3. InfoGation specifically alleges that the Nexus 6P, a device currently offered for sale by
4  Google, is an accused product. Ex. D at 3. InfoGation then alleges that each Android OEM
5  infringes "the '743 patent, either literally or under the doctrine of equivalents, in violation of 35
6  U.S.C. § 271 through its making, using, selling, offering for sale, and/or importing into the United
7  States smartphones" that "run[] the Android operating system and can connect to a Google Maps
8  navigation server through a wireless carrier's data network" and "receive[] optimal route
9  information from the Google Maps navigation server that has been calculated using real-time
10 information such as real-time traffic data." Ex. B at 3-4; Ex. C at 3-4; Ex. D at 4.

11      15.   On information and belief, InfoGation intends the Android OEM Actions to harm
12 Google's businesses related to Google Maps and Google's relationships with its partners.

13      16.   For all these reasons, an actual controversy exists between Google and InfoGation
14 regarding the alleged infringement of any claim of the '743 Patent.

### GOOGLE DOES NOT INFRINGE THE '743 PATENT

16      17.   Google Maps and devices from Google's partners that run Google Maps do not
17 directly or indirectly infringe any claim of the '743 Patent, whether literally or under the doctrine
18 of equivalents.

19      18.   No third party infringes any claim of the '743 Patent by using Google Maps.
20 Google has not caused, directed, requested, or facilitated any such infringement, much less with
21 specific intent to do so. Google Maps is not designed for use in any combination that infringes
22 any claim of the '743 Patent. To the contrary, Google Maps has substantial uses that do not
23 infringe any claim of the '743 Patent.

### FIRST CLAIM
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '743 PATENT

26      19.   Google restates and incorporates by reference the allegations in the preceding
27 paragraphs of this Complaint as if fully set forth herein.

28      20.   InfoGation claims to own all rights, title, and interest in the '743 Patent. A true

1 and correct copy of the '743 Patent is attached hereto as Exhibit A.

2     21.    In the Android OEM Actions, InfoGation accuses Google partners HTC, ZTE, and Huawei of infringing the '743 Patent in that each is allegedly "making, using, selling, offering for sale, and/or importing into the United States smartphones" that run Google Maps on the Android platform.

    22.    Google does not directly or indirectly infringe the '743 Patent, either literally or under the doctrine of equivalents. For example, with respect to Claim 15 of the '743 Patent, the only claim that InfoGation identified in its complaints in the Android OEM Actions (Ex. B at 4; Ex. C at 4; Ex. D at 4), a smartphone running Google Maps on the Android platform in communication with Google's servers does not infringe at least because it does not comprise "a wireless transceiver coupled to said navigation computer for connecting with a navigation server, said navigation server for calculating optimal routes based on real-time information, said optimal routes being formatted using a non-proprietary, natural language description" or "a mapping database coupled to said navigation computer for reconstructing said optimal route from said non-proprietary, natural language description."

    23.    A substantial, immediate, and real controversy therefore exists between Google and InfoGation regarding whether Google Maps or any devices from Google's partners (including HTC, ZTE, and Huawei) running the Google Maps application on the Android platform infringe or have infringed the '743 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '743 Patent.

    24.    Google seeks a judgment declaring that Google Maps and any devices from Google's partners (including HTC, ZTE, and Huawei) running the Google Maps application on the Android platform do not directly or indirectly infringe any claim of the '743 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Google prays for judgment and relief as follows:

    A.    Declaring that Google Maps and any devices from Google's partners (including HTC, ZTE, and Huawei) running Google Maps on the Android platform do not infringe the '743 Patent;

B. Declaring that judgment be entered in favor of Google and against InfoGation on each of Google's claims;

C. Finding that this an exceptional case under 35 U.S.C. § 285;

D. Awarding Google its costs and attorneys' fees in connection with this action; and

E. Such further and additional relief as the Court deems just and proper.

## JURY DEMAND

Google demands a jury trial on all issues and claims so triable.

DATED: October 7, 2016                    Respectfully submitted,


By: */s/ David S. Almeling*
    David S. Almeling

Darin W. Snyder (S.B. #136003)
dsnyder@omm.com
Luann L. Simmons (S.B. #203526)
lsimmons@omm.com
David S. Almeling (S.B. #235449)
dalmeling@omm.com
Mark Liang (S.B. #278487)
mliang@omm.com
John X. Zhu (S.B. #310857) (pending *pro hac vice*)
jzhu@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

Mishima Alam (S.B. #271621)
malam@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Plaintiff
GOOGLE INC.